IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                         No. CV 06-1050 MCA/LCS
                                CR 02-1865  MCA

LUIS ZARATE-NAJERA,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Mr. Zarate-Najera's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 24, 2006. (Doc. 1.) Movant alleges that although he wanted to appeal his sentence, his attorney failed to file a notice of appeal in the case styled *United States of America v. Luis Zarate-Najera*, CR 02-1865 MCA, United States District Court for the District of New Mexico. (*See* Doc. 1; *see also* Doc. 71/02CR1865.)[1]

Having reviewed the petition and having considered the submissions and arguments of the parties, the testimony of the witnesses, the record herein, relevant authorities, and being otherwise fully advised, the Court finds that the petition should be **GRANTED**.

**I.**    **PROCEDURAL HISTORY**

1.      On October 17, 2002, a federal grand jury returned a one-count indictment against Movant. (Doc. 10/02CR1865.) The grand jury charged Zarate-Najera with the unlawful,

---

[1] References to documents in the related criminal case, 02CR1865, will be cited using the document number followed by /02CR1865. Citations using only a document number refer to the documents filed in Movant's present habeas case, 06CV1050.

knowing, and intentional possession with intent to distribute 50 kilograms or more of marijuana, a schedule I controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.  (*Id.*)

2.	On October 30, 2002, Zarate-Najera pled not guilty to the indictment.  (Doc. 17/02CR1865.)  Mr. Mario Esparza represented Movant during the relevant pretrial and trial proceedings.  (*See* Doc. 14/02CR1865.)  The jury returned a guilty verdict on February 12, 2003.  (Doc. 55/02CR1865.)

3.	The Court issued a notice on May 1, 2003 setting a sentencing hearing for May 19, 2003.  (Doc. 58/02CR1865.)  Mr. Zarate-Najera absconded from Pretrial supervision and failed to appear for his sentencing hearing.  (*See* Doc. 59 at 1/02CR1865.)  Mr. Zarate-Najera also "failed to report to Pretrial Services as directed on February 15, 2003; March 1, 2003; and March 15, 2003[,]" and "failed to appear and submit a urine sample on March 11, 2003."  (Doc. 63 at 2/02CR1865.)  As a result, Movant's attorney filed a motion to withdraw as attorney of record.  (Doc. 59 at 1/02CR1865.)  The Court granted Mr. Esparza's motion to withdraw.  (Doc. 60/02CR1865.)  Due to his pretrial violations, Movant was arrested on August 22, 2005.  (*See* Doc. 63/02CR1865.)

4.	Upon his arrest, Movant came before the Court on August 23, 2005 for a pretrial violation hearing.  (Doc. 61/02CR1865.)  Movant then appeared before the Court on August 25, 2005 for a show cause hearing due to Movant's pretrial detention violation.  (Doc. 64/02CR1865.)  The Court revoked Movant's Conditions of Release on August 26, 2005 and ordered Movant to remain in custody until his sentencing hearing.  (Doc. 65/02CR1865.)  Several days later, Mr. Francisco Macias entered an appearance on behalf of Mr. Zarate-Najera.  (Doc.

67/02CR1865.)

5.      Movant's total offense level, as calculated in the Presentence Investigation Report ("PSR"), was 22; this included a two level increase for absconding after the trial. (PSR at 6.)[2] His Criminal History Category was III. (*Id.* at 8.) The resulting sentencing guideline range was from 51 to 63 months imprisonment. (*Id.* at 12.) On November 28, 2005, the Honorable M. Christina Armijo adopted the findings in the PSR and sentenced Mr. Zarate-Najera to 51 months in prison, the lowest end of the advisory sentencing guideline range; Judge Armijo entered judgment on December 13, 2005. (Docs. 70, 71/02CR1865). It is undisputed that Judge Armijo informed Movant of his right to appeal at the sentencing hearing. (*See* Doc. 14 at 25:8-16.)[3] Mr. Macias represented Movant at his sentencing hearing. (*See* Doc. 70/02CR1865.)

6.      Mr. Zarate-Najera hired Mr. Thomas Wright to represent him in the present motion. (*See* Doc. 1.)   I held an in person evidentiary hearing on March 22, 2007. (Doc. 13.) Movant, Movant's mother (Mrs. Elena Zarate-Najera), and Mr. Macias all testified under oath. (*See* Doc. 14.)

7.      Movant's mother, Mrs. Zarate-Najera, testified that she told Mr. Macias on at least one, if not two occasions, that she wanted him to appeal Movant's sentence. (Doc. 14 at 5:3-7; 7:2-9.) Mrs. Zarate asserted that on the second occasion, she discussed an appeal with Mr. Macias over the phone. (*Id.* at 6:11-14.) Mr. Macias testified that he did not talk about an appeal with Mrs. Zarate or any family member over the phone, because he never discusses cases over the

---

[2] A copy of Movant's PSR is on file with the Pretrial Services office.

[3] A copy of the transcript from the evidentiary hearing held on March 22, 2007 is on file with the Court. (*See* Doc. 14.) A copy of the transcript from the sentencing hearing held on November 28, 2005 is also on file with the Court. (*See* Apr. 4, 2007 Docket Entry/02CR1865, Tr. at 7:11-21.)

telephone. (*Id.* at 30:24-25; 31:1-7.) Mrs. Zarate also testified that she retrieved certain documents pertaining to Movant from Mr. Macias after the sentencing hearing. (*Id.* at 7:21-25; 8:1-7.) Mr. Macias testified that he did not remember giving any documents to Mrs. Zarate, and that it is not his practice to give client information to anyone other than the client. (*Id.* at 39:3-12.)

      8.      Movant submitted a signed affidavit[4] with his motion in which he asserted: "Although I wanted to appeal[,] . . . Mr. Macias told me I could not appeal and did not tell me that I had a right to appeal, and he did not file a Notice of Appeal for me." (Doc. 1, Ex. 1 at 1.) At the evidentiary hearing, however, Movant testified that Mr. Macias visited Movant in jail a few days after the sentencing hearing and had Movant sign papers for a *pro se* appeal. (Doc. 14 at 17:5-13; 18:5-22; 22:3-8.)

      9.      Mr. Macias testified that he visited Movant in jail three to four days after the sentencing hearing. (*Id.* at 28:14-16; 33:13-18.) Mr. Macias asserted that he informed Movant of his right to appeal within ten days of the sentencing hearing. (*Id.* at 33:21-23.) Mr. Macias explained that if Movant did not want to hire Mr. Macias for the appeal, Movant could file the appeal *pro se* and the Court would appoint counsel. (*Id.* at 33:23-25; 34:1-8.) Mr. Macias testified that he did not bring paperwork for a *pro se* appeal.[5] (*Id.* at 37:16-19.)

      10.     When Mr. Macias asked Movant what issues he wanted to appeal, Movant explained that his trial counsel, Mr. Mario Esparza, told Movant that he would win the case because it was easy. (*Id.* at 34:9-17.) Mr. Macias testified that Movant "wanted to appeal that

---

[4] The affidavit is not marked as an Exhibit, but I will refer to it as "Exhibit 1."

[5] I find Mr. Macias's testimony to be more credible than Movant's on this point.

4

he got too much time [and that] Mario Esparza had said he was going to win this case . . . ." (*Id.* at 37:7-9.) On the other hand, Mr. Macias also asserted that Movant told him he did not want to appeal. (*Id.* at 37:1-2.)

11.  Mr. Macias understood that if the complaint was about counsel, Movant would need to bring a petition under 28 U.S.C. § 2255, not a direct appeal. (*Id.* at 34:20-23; 37:6-11; 41:8-18.) Mr. Macias did not believe that Movant understood the difference between bringing an appeal and bringing a petition pursuant to § 2255. (*Id.* at 42:5-15.) Mr. Macias stated: Movant "didn't say that he wanted to do an appeal. What he said [was], he wanted to do a 2255, because [Mr. Esparza] had made all these promises to him . . . ." (*Id.* at 40:24-25; 41:1.) Ultimately, Mr. Macias did not file a notice of appeal for Movant. (*Id.* at 42:16-20.)

## II. PROPOSED FINDINGS OF FACTS

From the record and based on the testimony and demeanor of the witnesses at the hearing, I recommend the following findings of fact:

12.  Because Movant was sentenced in the District of New Mexico, this Court has jurisdiction to hear Movant's claim under 28 U.S.C. § 2255.

13.  Mr. Macias did not talk to Mrs. Zarate-Najera or any other member of Movant's family on the telephone about an appeal of Movant's sentence. (*Id.* at 30:24-25; 31:1-7.) Further, Mr. Macias did not give Mrs. Zarate or her husband any documents from Movant's file after the sentencing hearing. (*Id.* at 39:3-12.)

14.  Due to the blatant inconsistencies between Mr. Zarate-Najera's affidavit and testimony, I do not find he is a credible witness. (*See* Doc. 1, Ex. 1 at 1; Doc. 14 at 17:5-13; 18:5-22; 22:3-8.)

15. Mr. Macias visited Movant in jail three to four days after the sentencing hearing. (Doc. 14 at 17:7, 17-25; 28:14-16; 33:13-18.) Mr. Macias did not bring paperwork for a *pro se* appeal.[6] (*Id.* at 37:16-19.)

16. During that visit, Movant unequivocally told Mr. Macias that he wanted to appeal at least two issues: (1) his sentence; and (2) a promise by his trial counsel that he would win the case. (*Id.* at 37:1-11.)

17. Mr. Macias understood that if the complaint was about counsel, Movant would need to bring a petition under 28 U.S.C. § 2255, not a direct appeal. (*Id.* at 34:20-23; 41:8-18.) Mr. Macias tried to explain this to Movant, but did not believe Movant understood the difference between bringing an appeal and bringing a petition pursuant to § 2255. (*Id.* at 42:5-15.) While Movant may have understandably been confused after the discussion with his attorney, his intent had not changed – Movant wanted to appeal, at a minimum, the two issues identified above.

18. Mr. Macias did not file a notice of appeal for Movant. (*Id.* at 42:16-20.)

### III. ANALYSIS

Movant raises the following issue in his Petition:

I. Whether counsel was ineffective for failing to file a notice of appeal after Movant requested his counsel to file such notice.

19. After reviewing the motions, files, and records of the case, if this Court has any question as to whether the prisoner is entitled to relief, 28 U.S.C. § 2255 directs that I hold an evidentiary hearing to "determine the issues and make findings of fact . . . ." Mr. Zarate-Najera's petition and affidavit raised issues that required the Court to hold an evidentiary hearing to make

---

[6] I find Mr. Macias's testimony to be more credible than Movant's on this point.

credibility determinations and findings of fact.  (*See* Doc. 1.)  I held this hearing on March 22, 2007.

20.	Movant has demonstrated ineffective assistance of counsel.  "[A] lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial."  *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003) (citations omitted).  *See also Roe v. Flores-Ortega*, 528 U.S. 470, 477, 484-85 (2000).  Here, as in *Snitz*, the Court heard "credible testimony that [three to four days after] his sentencing, [Movant] told his attorney[] he wanted to appeal his sentence" and certain alleged promises made by his trial counsel.[7]  *Snitz*, 342 F.3d at 1156 (quotation marks and citation omitted).  (*See also* Doc. 14 at 37:7-11.)

21.	Mr. Macias tried to explain to Movant that a claim for ineffective assistance of counsel is an issue more properly raised in a petition under § 2255 than in a direct appeal.[8]  (*See* Doc. 14 at 34:18-25; 35:1-9.)  I see two problems, however, with the way Mr. Macias ended this discussion.

22.	First, Movant did not appear to understand the difference between a petition under § 2255 and a direct appeal.  (*See id.* at 42:5-15.)  In fact, Mr. Macias testified that he never even

---

[7] In *Snitz*, the defendant testified that he told his attorneys he wanted to appeal, and the court found that testimony credible.  *See Snitz*, 342 F.3d at 1156.  In this case, Mr. Macias admitted that Movant wanted to appeal.  (*See* Doc. 14 at 37:1-11.)

[8] Mr. Macias was *almost* correct.  The Tenth Circuit has held that "ineffective assistance of counsel claims *should* be brought in collateral proceedings, not on direct appeal.  Such claims brought on direct appeal are presumptively dismissible, and *virtually all* will be dismissed."  *United States v. Pearl*, 324 F.3d 1210, 1216 (10th Cir. 2003) (quotation marks and citation omitted, emphasis added).  The Court notes that the Tenth Circuit held that *virtually all* – not *all* – claims of ineffective assistance will be dismissed on direct appeal.  It is unnecessary for the Court to decide whether Mr. Zarate-Najera's claim of ineffective assistance is rare enough to be heard on direct appeal, since I recommend finding that Movant's petition should be granted regardless.

used the words "2255" or "writ of *habeas corpus*" when discussing Movant's options. (*Id.* at 42:12-15.) Yet, Mr. Macias also testified that Movant said "he wanted to do a 2255" but not a direct appeal. (*Id.* at 40:25; 42:19-20.) The Court finds it difficult to believe that Movant knowingly retracted his first unequivocal statement that he wanted to appeal, and asserted instead that he wanted to file a petition under § 2255. (*See id.* at 37:7-11.)

23. Second, and more importantly, Mr. Macias testified that Movant also wanted to appeal based on the sentence he received. (*See id.* at 37:7.) After his trial, Movant had a right to appeal his sentence, and at no time did Movant withdraw his request to appeal his sentence. *See* FED. R. CRIM. P. 32(j)(1)(B). Such an issue would be entirely proper on direct appeal, regardless of whether Movant wanted to bring an inappropriate claim of ineffective assistance of counsel. Even assuming Movant did change his mind about appealing the alleged promises of trial counsel, there is no evidence showing that he decided against an appeal of his sentence.

### III.   RECOMMENDATION

24. I recommend that Mr. Zarate-Najera's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **GRANTED**. If the Court adopts this recommendation, Mr. Zarate-Najera will be "entitled to a direct appeal of his conviction. To effectuate this right," the Court must "vacate and reenter its judgment of conviction and sentence to allow defendant to file a timely appeal." *Snitz*, 342 F.3d at 1159.

25. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court,

333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.    If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**